UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAN L. WHITNEY, et. al.,<br><br>        Plaintiff,<br><br>v.<br><br>CHARLES WURTZ, et. al.,<br><br>        Defendants. | Case No.: C-04-5232 PVT<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT** |

On January 10, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for a hearing on Defendant Tadlock's motion to dismiss, or, alternatively, for a more definite statement.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Tadlock's motions are DENIED.

Tadlock is an individual defendant in this employment discrimination, breach of contract and wrongful termination action brought by four former Veriscape employees against Veriscape and seven of its fiduciaries, including Tadlock who is the Chief Operating Officer and a shareholder of Veriscape. *See* First Amended Complaint (hereafter FAC), ¶¶ 69, 120. Tadlock seeks dismissal from the first through sixth and ninth through twelfth causes of action, arguing:

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1  (1) as to the first through fourth causes of action, she cannot be individually liable for
2  employment discrimination, failure to pay wages, wrongful termination or constructive wrongful
3  termination; (2) as to the fifth and sixth causes of action for fraud and misrepresentation, the
4  allegations as to Tadlock are insufficient in that the allegations do not indicate when, where and
5  how Tadlock authorized the purported fraud; (3) as to the tenth and eleventh causes of action for
6  an equitable lien and alter ego liability, respectively, these should be dismissed because they are
7  not causes of action but are rather a remedy and a legal theory, respectively; (4) as to the ninth
8  and twelfth causes of action for breach of promise and common counts for money had and
9  received, Tadlock cannot be individually liable.

Standard for Motion to Dismiss

In evaluating a Rule 12(b)(6) motion, courts must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994). Matters outside the pleadings are not usually appropriate on a motion to dismiss. *Cassettari v. County of Nevada*, 824 F.2d 735, 737 (9th Cir. 1987).

A cause of action will be dismissed only where there is either "a lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Generally, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will not be granted unless it appears that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). It is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

First - Fourth, Ninth and Twelfth Causes of Action - Allegations Supporting Individual Liability

Tadlock argues that the plaintiffs fail to allege facts and law supporting individual liability for Tadlock for employment discrimination, failure to pay wages, wrongful termination,

1 constructive wrongful termination, breach of promissory note and common counts. Indeed,
2 standing alone, none of these causes of action allege such facts or law.

   Plaintiffs cite Fed. R. Civ. P. 10(c) and argue that all of the causes of action incorporate by reference all allegations of the complaint such that all of the causes of action state a claim upon which relief may be granted. Specifically, the allegations of alter ego liability are incorporated into the other causes of action such that Veriscape is alleged to be the alter ego of Tadlock, piercing the corporate veil and making Tadlock individually liable for the acts of her alter ego, Veriscape. Rule 10 subpart (c) provides that "Statements in a pleading may be adopted by reference in a different part of the same pleading." Thus, the complaint adequately alleges alter ego liability in the other causes of action by incorporating these allegations by reference into the other causes of action.

   At the hearing, Tadlock argued that the alter ego liability allegations in the complaint were cursory and did not sufficiently allege what Tadlock did, requesting that the court at least require Plaintiff to provide a more definite statement as to the alter ego allegations. The court finds this argument unavailing because paragraph 122 of the complaint clearly alleges that:

> b.   The *individually named defendants* used assets of the corporation for their personal use, caused assets of the corporation to be transferred to them without adequate consideration, and withdrew funds from the corporation's bank accounts for personal use, as evidenced by the fact that corporate monies were diverted to the Lenz Movement and the Joy of Three Happiness School.
>
> c.   Defendant corporation is and was controlled, dominated, and operated by the *individually named defendants* as their individual business and alter ego, in that activities and business of the defendant corporation were carried out without the holding of director's or shareholder's meetings, no records or minutes of any corporate proceedings were maintained, and *individually named defendants* entered into personal transactions with defendant corporation without the approval of other directors or shareholders, as evidenced by the fact that Whitney and Hadley asked repeatedly to see bylaws and minutes and accounting data and were never provided it.
>
> d.   *Individually named defendants* caused monies to be withdrawn from the funds of defendant corporation and distributed to themselves without any consideration to the corporation, all for the purpose of avoiding and preventing attachment and execution by creditors.

FAC, ¶ 122 (emphasis added).

   Since Tadlock is one of the individually named defendants, these specific allegations

ORDER, *page 3*

apply to her and are of sufficient particularity to put Tadlock on notice so she can frame a responsive pleading.

Tadlock also argues that alleging alter ego liability is insufficient to establish her individual liability because plaintiffs cite no authority that alter ego liability can be used to hold individuals liable for employment discrimination, wage violations, wrongful termination and constructive wrongful termination carried out by their alter ego corporation. California law recognizes the alter ego doctrine in employment-related actions. *See generally Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 300 (Cal. 1985). *See also Laird v. Capital Cities/ABC, Inc.*, 80 Cal.Rptr. 2d 454, 460-463 (Cal. Ct. App. 3rd, 1998) (outlining the alter ego doctrine but finding insufficient facts to establish alter ego liability). Thus, plaintiffs alter ego allegations appear to establish a cognizable legal theory, supported by adequately plead facts, upon which relief may be granted.

Averments of Fraud and Misrepresentations Sufficiently Stated

As to the fifth and sixth causes of action, the plaintiffs identify the fraudulent statements with particularity, including who made the statements, and allege that Tadlock authorized these statements with knowledge of the fraudulent conduct.[2] The heightened pleading requirements for fraud require that "[i]n averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally" Fed. R. Civ. P. 9(b). Plaintiffs have sufficiently alleged who said what to whom, as well as alleging that Tadlock authorized these statements with knowledge of the fraudulent conduct.

///

///

///

---

[2] It is important to note that plaintiffs do not allege that Tadlock authorized any fraudulent statements to be made to co-plaintiff Whitney in connection with the Whitney agreement. Rather, the complaint only alleges that she authorized fraudulent statements to co-plaintiffs Hadley, Brown and Brelle in connection with the Hadley, Brown and Brelle agreements. *See* FAC, ¶¶ 68-69.

For all these reasons, Tadlock's motions to dismiss or, alternatively, for a more definite statement are DENIED.[3]

Dated: 1/11/06

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] In denying these motions, the court notes that the complaint could have been more artfully drafted. However, the complaint, such as it is, adequately states claims upon which relief may be granted and provides sufficient detail to enable Tadlock to frame a responsive pleading.

ORDER, *page 5*