1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12    WHITNEY ET. AL.,,                    )        Case No.: C 05-3385 PVT
                                           )
13                        Plaintiff,       )        **ORDER DENYING PLAINTIFFS'**
                                           )        **MOTION FOR WRIT OF**
14        v.                               )        **ATTACHMENT**
                                           )
15    WURTZ ET. AL.,                       )
                                           )
16                        Defendant.       )
                                           )
17    ───────────────────────────────────

18        On December 22, 2005, the Plaintiffs submitted their motion for writ of attachment. On

19    February 6, 2005, Defendants submitted their opposition to Plaintiffs' motion for writ of attachment.

20    On February 28, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing

21    on Plaintiffs' motion for writ of attachment.   Based on the briefs and arguments presented,

22        IT IS HEREBY ORDERED that Plaintiff's motion for writ of attachment is DENIED.[1]

23    **I.      STANDARD FOR GRANTING WRIT OF ATTACHMENT**

24         Federal Rules of Civil Procedure Rule 64 makes state law attachment available to federal

25    plaintiffs.  The elements for a writ of attachment are the following: (1) claim is for money based on

26    an express contract; (2) claim is for a fixed amount of money not less than $500; (3) claim arises

27    out of the defendant's trade or business; and (4) claim is not secured by real property.  California

28    ────────────────────

          [1]      The holding of this court is limited to the facts and the particular circumstances
    underlying the present motion.

                                ORDER, *page 1*

United States District Court

For the Northern District of California

1   Code of Civil Procedure        § 483.10.

2        If these initial elements are met, then plaintiff must establish the "probable validity" of the

3   claim upon which the attachment is based.  Cal. Code Civ. Proc. §485.220.  Additionally, plaintiff

4   must establish that the attachment is not sought for a purpose other than the recovery upon which

5   the attachment is based.  *Id.*  The plaintiff must show that the property sought to be attached is not

6   exempt from attachment.  *Id.*  Finally, the plaintiff must show that the plaintiff would suffer "great

7   or irreparable injury" if issuance of the order is delayed until the matter can be heard on notice.  *Id.*

8

9        **II.       DISCUSSION**

10       This lawsuit is brought by four former employees of Defendant Veriscape, Inc who allege

11  their previous employer failed to pay their salaries from 2002 through 2004.  These former

12  employees seek a writ of attachment in order to secure a fund for payment of the ultimate judgment.

13       **A.     ELEMENTS OF A WRIT OF ATTACHMENT**

14            **i.  Money Based on An Express Contract**

15       The first element that must be met to issue a writ of attachment is that the claim is for

16  money.  Cal. Code Civ. Proc. § 483.10.  Defendants argue that the claim is not for money, but is

17  for stock options.  Plaintiff contends that the claim is for money to be paid in cash.  Reviewing the

18  attached employment agreement, Plaintiffs had "options" to either choose stock options at a fire

19  sale price or their retroactive salary.  The clause states "Employee is entitled to retroactive

20  compensation ... through the following options: Issuance of stock options at $.33 (fire sale) to be

21  paid for with retro pay.  Full salary retroactive to start date.

22       The employment agreement states that the property in dispute is for money.  The clause in

23  Plaintiffs contract stated that Plaintiffs were entitled to retroactive salary.  Therefore the dispute is

24  over money and the first element pursuant to § 483.10 is met.

25

26            **ii.      FOR A FIXED AMOUNT OF MONEY NOT LESS THAN $500**

27       Plaintiffs contend that the money owed is for a fixed amount .  Plaintiffs Whitney, Hadley,

28  Kornow-Brown and Brelle's  unpaid wages allegedly total $846,058.31.  There is also a $10,000

United States District Court

For the Northern District of California

1    promissory note executed between Plaintiff Whitney and Defendant Wurtz.

2         The monetary amount Plaintiffs seek is greater than $500.  Also, according to the reasoning

3    set forth in II A (i), the amount owed is money and not stock options.  Therefore the second

4    element of Cal Code Civ. Proc. § 483.10 is met.

6              **iii.    THE CLAIM ARISES OUT OF THE DEFENDANT'S TRADE OR BUSINESS**

7         This writ of attachment is based on Plaintiffs' claim that they are owed wages in the

8    amount of $846,058.31.  Plaintiffs have sued Defendant because Plaintiffs are owed their salaries.

9    Plaintiffs' claims arise out of the Defendant's trade or business.  Therefore, Plaintiffs have met the

10   third element of § 483.10.

11             **iv.    SECURED BY ANY REAL INTEREST IN PROPERTY**

12        The money sought is not secured by any real interest in property.  Defendants

13   argue that the money is secured by stock options that will be paid to Plaintiffs when Veriscape's

14   "revenues are such that the company deems it may provide a full-time salary."  The money in

15   question is not to be paid only in stock options.  Therefore the fourth element of § 483.10 is also

16   met.

17        Plaintiffs have met all four elements of writ of attachment.  The action is for money, which

18   exceeds $500, and the claim arose out of the Defendant's trade or business.  Finally, the money

19   owed is not secured in any real interest in property.

20        **B.    Probable Validity**

21        This court has determined that the four elements pursuant to § 483.010 have been met, thus

22   the "probable validity" of Plaintiffs' claims must be analyzed.  Pursuant to California Code of

23   Civil Procedure § 481.190, "a claim has 'probable validity' where it is more likely than not that

24   the plaintiff will obtain a judgment against the defendant on that claim."

25        Plaintiffs are all former employees of Defendant.  Defendant Veriscape and Plaintiffs

26   entered into employment agreements which consisted of a salary plus commission pay structure.

27   In addition, these employment contracts offered stock options payable to each employee as

28   separate compensation.  To date, Plaintiffs have not received any salaries.  Plaintiffs are owed

salaries totaling more than $846,000.  Plaintiffs' contracts state: "When corporate revenues are such that company deems it may provide a full time salary."  Moreover, Plaintiffs have not shown that they have completed any sales and Defendant Veriscape states this is why "corporate revenues" have not been "such that the company deems it can pay a full time salary."

Defendant Wurtz argues that the Company has been in financial crisis ever since September 11, 2001.  Veriscape's previous location was in close proximity to the Twin Towers in New York and the company had to relocate and has been struggling ever since.

Plaintiffs have not received a salary since their employment began at Veriscape Inc. Defendant Wurtz described that Plaintiffs would be paid a salary, in the form of stock options, as soon as Plaintiffs sold any licensing agreements.  Defendants contend that Plaintiffs never sold anything, and therefore  it was impossible for Veriscape to pay a salary until "revenues are such that company deems it may provide a full time salary."

On the other hand, Plaintiffs point to California public policy which "has long favored the 'full and prompt payment of wages due an employee.'" *Pressler v. Donald L. Bren Co.,* 32 Cal. 3d 831, 837 (1982) *citing Kerr's Catering Service* v. *Department of Industrial Relations*, 57 Cal.2d 319, 326 (1962). "'[Wages] are not ordinary debts . . . . [Because] of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay' promptly." *Pressler,* 32 Cal. at 837, citing *In re Trombley*, 31 Cal.2d 801, 809-10 (1948).

Though Plaintiffs allegedly did not complete any sales, Plaintiffs were promised a salary and commission.  Veriscape has a legal obligation to pay Plaintiffs, and California public policy favors construing such language as stated in the employment agreement to favor the employee, Plaintiffs will more likely than not obtain a judgment against Veriscape.

**C.   WRIT NOT SOUGHT FOR A PURPOSE OTHER THAN TO RECOVER UPON THE CLAIM WHICH ATTACHMENT IS BASED.**

Plaintiffs seeks attachment to receive payment of their earned salaries.  Plaintiffs have no

United States District Court

For the Northern District of California

1   other reason to attach Defendants property other than to receive payment of their salary.  Therefore

2   the court finds that element three of § 485.220 is met.

3   **D.   AFFIDAVIT ACCOMPANYING THE APPLICATION SHOWS PROPERTY SOUGHT TO BE**

4   **ATTACHED IS NOT EXEMPT FROM ATTACHMENT**

5        Element four of § 485.220 requires that affidavit accompanying the application shows that

6   the property sought to be attached is not exempt from attachment.  Plaintiffs have attached four

7   separate declarations to their writ of attachment application.  Plaintiff Whitney, Hadley, Kornow-

8   Brown and Brelle all submitted their respective declarations.  In each declaration, Plaintiffs state the

9   monetary amount of unpaid wages that Veriscape has not paid Plaintiffs.

10       Plaintiffs must ensure "the application shows that the property ... is not exempt of

11  attachment." Cal. Code Civ. Proc. § 485.220   Although Plaintiffs have not specifically shown or

12  explained why the monetary amount is not exempt from attachment, Plaintiffs' declarations state the

13  property sought to be attached is in the form of money.  Therefore, the court finds the fourth element

14  of § 485.220 is met.

15  **E.   GREAT OR IRREPARABLE INJURY**

16       The fifth element of § 485.220 requires that "the plaintiff will suffer great or irreparable

17  injury ...  if issuance of the order is delayed until the matter can be heard on notice."  The meaning of

18  great or irreparable injury is described in § 485.010, which states that great or irreparable injury is

19  found when "there is a danger that the property sought would be concealed, substantially impaired in

20  value or otherwise be made unavailable."  Cal. Code Civ. Proc. § 485.010(b)(1). Also, irreparable

21  injury can be found where a debt has become due, unless the debt is subject to a bona fide dispute.

22  Cal. Code Civ. Proc. § 485.010(b)(2).   This standard can also be met under  "any circumstances

23  showing that great or irreparable injury would result if issuance of the order were delayed until the

24  matter could be heard on notice.  Cal Code Civ. Proc. § 485.010(b)(5).

25       Plaintiffs do not set forth any reasons, either in their motion for issuance of writ of

26  attachment or in their declarations, as to why delay until the matter could be heard on notice would

27  cause great or irreparable injury.  Cal. Code of Civil Procedure § 485.010(a).

28       Plaintiffs allege no facts that the property might be "concealed, substantially impaired in

United States District Court

For the Northern District of California

ORDER, *page 5*

value or otherwise made unavailable." Cal. Code Civ. Proc. § 485.010(b)(1).  There is a bona fide

dispute between Plaintiffs and Defendants as to whether the salary owed has yet become due.  Cal.

Code Civ. Proc. § 485.010(b)(2).  Plaintiffs allege no set of circumstances that may result in

irreparable injury if issuance of the order were delayed until the matter could be heard on notice.

Plaintiffs have not met element five pursuant to § 485.220.  For the forgoing reasons, the writ of

attachment is DENIED.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs have not met all the elements of Cal. Code Civ. Proc.

§ 485.220 and therefore the application for writ of attachment is DENIED.

IT IS SO ORDERED.

Dated:  *3/1/2006*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

United States District Court

For the Northern District of California