UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WHITNEY ET. AL., <br><br>        Plaintiffs, <br><br>v. <br><br>WURTZ ET. AL., <br><br>        Defendants. <br>_____ <br>WURTZ ET. AL., <br><br>        Cross-Claimants, <br><br>v. <br><br>AMERICAN AIRLINES INC., <br><br>        Cross-Defendant. <br>_____ | Case No.: C 04-05232 PVT <br><br>**ORDER GRANTING CROSS-DEFENDANTS AMERICAN AIRLINES INC.'S MOTION FOR SUMMARY JUDGMENT** |

On April 4, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Cross-Defendant American Airlines Inc.'s Motion for Summary Judgment.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Cross-Defendant American Airlines Inc.'s Motion for

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Summary Judgment is GRANTED as discussed below.

## I. BACKGROUND

This action arises out of an employment dispute between Veriscape Inc. and certain employees. The First Amended Complaint is premised upon the alleged wrongful termination of employees by Defendants Veriscape Inc. and its Chief Executive Officer, Charles Wurtz. Plaintiff Whitney alleges he "has a physical disability" "as a result of a broken neck." Plaintiff Whitney was allegedly promised certain accommodations in light of his disability. Plaintiff Whitney alleges that Defendants failed to consider his disability. Some of these failures included requiring Plaintiff Whitney to travel to Toronto, New Orleans, Anaheim and Phoenix. Defendants Veriscape's and Wurtz's alleged failure to take all reasonable steps to accommodate Plaintiff Whitney's disability underpins the first cause of action- for damages pursuant to California Government Code § 12940.

The instant cross-claim ensued from the wrongful termination action. Defendants/Cross-Claimants are seeking indemnification for Whitney's claim against them. Cross-Claimants state that any liability that they may be found to have due to Plaintiffs' allegations are secondary to that of American Airlines Inc.. Cross-Claimants assert that Cross-Defendant American Airlines Inc. is liable under equitable indemnity because Plaintiff Whitney was "in an area where he had to negotiate aisles, and did not have free access to bathrooms, or if such bathrooms were not equipped to accommodate passengers with disabilities, the primary liability is with such airlines and they are required to indemnify cross-claimants." As a result of his inability to negotiate aisles, Plaintiff Whitney soiled his diapers.

Cross-Defendant American argues that Plaintiff Whitney does not, and cannot in good faith, allege that any conduct by American caused him any damages. Cross-Defendant American argues that it cannot be liable to Plaintiff Whitney for damages pursuant to California Government Code § 12940. Cross-Defendant argues that viewing the record in a light most favorable to Cross-Claimants, that there is no genuine issue of material fact. American further argues that no rational trier of fact could find for Cross-Claimant.

## II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

The purpose of summary judgment "is to isolate and dispose of factually unsupported claims

or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). To obtain summary judgment, a party must demonstrate that no genuine issue of material fact exists for trial, and that based on the undisputed facts he is entitled to judgment as a matter of law. *Id.,* at 322.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the moving party meets its initial burden, then the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.PRO., Rule 56(e).

The moving party in not required to negate the elements of the non-moving party's case on which the non-moving party bears the burden of proof. *Celotex,* 477 U.S. at 323. On the contrary, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Ibid.* Thus, the moving party need only assert that the non-moving party will not be able to meet its burden at trial in order to put the non-moving party to its proof. The non-moving party cannot defeat such a motion for summary judgment simply by *alleging* a factual dispute between the parties. To preclude summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

If the non-moving party shows that it cannot, for reasons stated, present by affidavit facts essential to justify its opposition, the court may either deny or continue the motion to allow additional discovery. FED.R.CIV.PRO., Rule 56(f). However, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001).

In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991);

*Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).  However, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 588.

It is the court's responsibility "to determine whether the 'specific facts' set forth by the non-moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587.

### III. DISCUSSION

#### A. CROSS CLAIMANTS ARE NOT ENTITLED TO EQUITABLE INDEMNITY

Cross-Defendant American states that there is no allegation by Plaintiff Whitney that Cross-Defendant owed Plaintiff a tort duty to offer negotiable aisles and certain accessability and accommodation.  Plaintiff Whitney alleges that Defendants/Cross-Claimants failed to consider his disability when they required Plaintiff to travel by air.  Plaintiff Whitney's Complaint only mentions Cross-Defendant American while describing how Defendants/Cross-Claimants violated California Government Code § 12940 by allegedly failing to accommodate Plaintiff Whitney.  American states that it is not liable and cannot be liable to Plaintiff Whitney under any tort theory, and therefore it cannot be liable to Cross-Claimants for equitable indemnity.

Cross-Claimants argue that the Cross-Defendant is liable because it owed a duty to offer negotiable aisles and certain accessability and accommodation to Plaintiff Whitney and had allegedly breached that duty.  However, Cross-Claimants do not cite any law attributing any tort liability to Cross-Defendant American.  In order for the Cross-Defendant to be liable under equitable indemnity, it must first be liable to Plaintiff Whitney.  Cross-Claimants argue that "as public air carriers, cross-defendants also owe to Whitney a duty under the Americans with Disabilities Act, and other legislation."

The availability of equitable indemnity depends upon the potential indemnitor's liability to the plaintiff, not to the defendant. *Federal Agricultural Corp. v. It's A Jungle Out There,* 2005 WL 3325051. In *It's a Jungle Out There,* this Court recently explained:

> The party from whom equitable indemnity is sought need not have owed a duty to the party seeking indemnity. 'What is important,' however 'is the relationship of the tortfeasors to the plaintiff and the interrelated nature of the harm done.' Accordingly, California courts have required the party seeking equitable indemnity to demonstrate that the proposed indemnitor would be liable as a tortfeasor to the underlying plaintiff. Generally, the basis for tort liability against the proposed indemnitor is a duty owed to the underlying plaintiff. *It's a Jungle Out There,* 2005 WL 3325051 at 32 (citations omitted).

The "'airlines... are largely not even covered by Title III of the ADA.'" *Access Now, Inc. v. Southwest Airlines Co., supra,* 385 F.3d 1324, 1332 (11th Cir. 2004), citing 42 U.S.C. § 12181(10) which defines the "specified public transportation" covered by Title III as "transportation by bus, rail, or any other conveyance (other than by aircraft);" see also, *Love v. Delta Air Lines,* 179 F. Supp. 2d 1313, 1316 (M.D.Ala.2001) ("aircraft are expressly excepted from the statutory definition of 'specified public transportation' and 'it is clear that Plaintiff cannot maintain a claim under the ADA because aircraft are not covered under Title III of the ADA'"), *rev'd on other grounds*, 310 F. 3d 1347 (11th Cir. 2002).

Cross-Claimants assertion that Cross-Defendant owed a duty under Title III of the ADA is an incorrect legal proposition. The ADA does not apply to airlines in the transportation context. *Access Now, Inc.,* 385 F.3d at 1332. Viewing the record in a light most favorable to Cross-Claimants, there remains no genuine issue of material fact. Cross-Defendant American is entitled to judgment as a matter of law. Thus, summary judgment in favor of Cross-Defendant for the equitable indemnity claim pursuant to Title III of the ADA is warranted.

**B. EQUITABLE INDEMNITY NOT AVAILABLE PURSUANT TO CAL. GOV. CODE § 12940**

American argues that California Government Code § 12940[2] has no application to Cross-Defendant. Section 12940 states, in relevant part:

> It shall be an unlawful employment practice, unless based upon a

---

[2] Plaintiff Whitney's First Cause of Action in the First Amended Complaint is premised on California Government Code § 12940.

> bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:
>
> (a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. Cal. Gov. Code § 12940(a).

It has not been alleged that Cross-Defendant is Plaintiff Whitney's 'employer.' American further argues that the statute imposes liability only on employers who discriminate. "The FEHA, however, prohibits only 'an employer' from engaging in improper discrimination. (§ 12940, subd. (a).)" *Vernon v. State,* 116 Cal. App. 4th 114, 123 (2004), quoting *Reno v. Baird,* 18 Cal. 4th 640, 644 (1988).

Defendants/Cross-Claimants state that American is liable to Plaintiff Whitney pursuant to California Government Code § 12940. Cross-Claimants argue that the essence of the allegations in the First Cause of Action are that Whitney soiled his diapers due to his inability to negotiate the airplane aisles and obtain access to lavatories. Cross-Claimants further assert that had it not been for this inability, there would have been no issue of failure to accommodate Whitney's physical disabilities by forcing him to travel by air. Cross-Claimants then state that since Plaintiff's allegations of violation of § 12940 sound in tort, a cross-complaint for indemnity against Cross-Defendant is proper.

This court disagrees. In order to be liable under § 12940 there must be an employment relationship. No such relationship has been alleged against Cross-Defendant. Cross-Claimants have misinterpreted what is required for Cross-Defendant to be liable for equitable indemnity. The issue is not whether Plaintiff Whitney's claim against Cross-Claimants was tort based, but whether American could owe a tort duty to Whitney under California Government Code § 12940(a). See *It's a Jungle Out There,* WL 3325051 at 32. In the absence of an employment agreement, Cross-Defendant cannot owe a tort duty to Plaintiff Whitney under § 12940. Even when viewing the whole record in the light most favorable to Cross Claimants, American has demonstrated that no genuine issue of material fact

exists for trial. *Celotex, supra,* 477 U.S. at 322. Based on the undisputed facts Cross-Defendant American is entitled to judgment as a matter of law. *Id.* Thus, Summary Judgment is GRANTED as to § 12940.

### C. DISMISSAL OF THE REMAINING CROSS-CLAIMS(2-12) IS WARRANTED

Cross-Claimants assert that Cross-Defendant is liable through equitable indemnity as to the remaining causes of action in the First Amended Complaint. Each of the remaining causes of actions are employment related or unrelated to Cross-Defendants.[3] Cross-Defendant American has not been alleged to be Plaintiffs' employer nor was alleged to be involved in any of Plaintiff's remaining causes of action against Defendants. Cross-Defendant American has demonstrated that no genuine issue of material fact exists for trial as to the remaining causes of action, and that based on the undisputed facts American is entitled to judgment as a matter of law. *Celotex, supra,* 477 U.S. at 322.

## IV. CONCLUSION

Cross-Defendant has demonstrated that no genuine issue of material fact exists as to the equitable indemnity claim. Cross-Defendant has also demonstrated that no genuine issue of material fact exists as to causes of action 1-12. No rational trier of fact could find for Cross-Claimant for any of these claims. Cross-Defendant's Motion for Summary Judgment is GRANTED for the aforementioned reasons.

IT IS SO ORDERED.

Dated: *4/4/2006*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] The remaining causes of action are either employment related or do not involve Cross-Defendants: **2. Violation of the California Labor Code   3. Wrongful Termination in Violation of Public Policy   4. Constructive Wrongful Termination   5. Fraud in Inducement to Sign an Agreement   6. Misrepresentation   7. Breach of Contract   8. Violation of the Covenant of Good Faith and Fair Dealing   9. Breach of a Promissory Note and a Promise to Pay Expenses   10. Imposition and Foreclosure of Equitable Lien   11. Alter Ego Liability   12. Common Counts**