**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WHITNEY ET. AL., ) | Case No.: C 04-05232 PVT |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING CROSS-** |
| ) | **DEFENDANTS UNITED AIR LINES INC.** |
| v. ) | **AND SOUTHWEST AIRLINES CO.'S** |
| ) | **MOTION TO DISMISS** |
| WURTZ ET. AL., ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |
| WURTZ ET. AL., ) | |
| ) | |
| Cross-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| SOUTHWEST AIRLINES CO., UNITED ) | |
| AIR LINES INC., ) | |
| ) | |
| Cross-Defendants. ) | |
| ———————————————— ) | |

On April 4, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Cross-Defendants Southwest Airlines Co. and United Air Lines Inc.'s Motion to Dismiss.[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Cross-Defendants United Air Lines Inc. and Southwest

---

[1]    The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

United States District Court

For the Northern District of California

1  Airlines Co.'s Motion to Dismiss is GRANTED as discussed below.

2

3  **I.     BACKGROUND**

4         This action arises out of an employment dispute between Veriscape Inc. and certain

5  employees.  The First Amended Complaint is premised upon the alleged wrongful termination of

6  employees by Defendants Veriscape Inc. and Chief Executive Officer of Veriscape Inc., Charles

7  Wurtz.  Plaintiff Whitney alleges that he was employed as a "Corporate Sales Officer" by Veriscape

8  Inc..  Plaintiff Whitney also alleges that he "has a physical disability" "as a result of a broken neck."

9  Plaintiff Whitney was promised certain accommodations in light of his disability.  Plaintiff Whitney

10 alleges that Defendants failed to consider his disability.  Some of these failures included requiring

11 Plaintiff Whitney to travel to Toronto, New Orleans, Anaheim and Phoenix.  Defendants Veriscape's

12 and Wurtz's alleged failure to take all reasonable steps to accommodate Plaintiff Whitney's

13 disability underpins the first cause of action- for damages pursuant to California Government Code §

14 12940.

15        The instant cross-claim ensued from the wrongful termination action.  Defendants/Cross-

16 Claimants are seeking indemnification for Whitney's claim against them.  Cross-Claimants state that

17 any liability that they may be found to have due to Plaintiffs' allegations are secondary to that of the

18 United and Southwest.  Cross-Claimants assert that United and Southwest are liable under equitable

19 indemnity because Plaintiff Whitney was "in an area where he had to negotiate aisles, and did not

20 have free access to bathrooms, or if such bathrooms were not equipped to accommodate passengers

21 with disabilities, the primary liability is with such airlines and they are required to indemnify cross-

22 claimants."  As a result of his inability to negotiate aisles, Plaintiff Whitney soiled his diapers.

23        Cross-Defendants Southwest and United argue that Plaintiff Whitney does not, and cannot, in

24 good faith, allege that any conduct by United or Southwest caused him any damages.  Cross-

25 Defendants United and Southwest argue that they cannot be liable to Plaintiff Whitney for damages

26 pursuant to California Government Code § 12940, and that Wurtz's cross claim fails as a matter of

27 law.

28

**United States District Court**

For the Northern District of California

1    **II.**    **STANDARD FOR MOTION TO DISMISS**

2    In evaluating a Rule 12(b)(6) motion, courts must accept all material allegations in the

3 complaint as true and construe them in the light most favorable to the non-moving party. *Barron v.*

4 *Reich*, 13 F.3d 1370, 1374 (9th Cir.1994).   Matters outside the pleadings are not usually

5 appropriately considered on a motion to dismiss. *Cassettari v. County of Nevada*, 824 F.2d 735, 737

6 (9th Cir. 1987).

7    A cause of action will be dismissed only where there is either "a lack of a cognizable legal

8 theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica*

9 *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Generally, a motion to dismiss under Federal Rule

10 of Civil Procedure 12(b)(6) will not be granted unless it appears that plaintiff can prove no set of

11 facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  It is only

12 under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v.*

13 *City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

14    Leave to amend must be freely granted when justice requires.  Fed. Rules Civ. Pro. 15(a).

15 Factors relevant to whether leave to amend should be granted include any undue delay, bad faith or

16 dilatory motive on the part of the movant, any repeated failures to cure deficiencies by

17 amendments previously allowed, any undue prejudice to the opposing party by virtue of allowance

18 of the amendment, futility of amendment, etc. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Absent

19 any such factors, where a plaintiff shows that the underlying facts may be a proper basis for relief,

20 he should be given an opportunity to test his claim on the merits. *Ibid.*

21

22    **III.**    **DISCUSSION**

23    **A.**    **CROSS CLAIMANTS ARE NOT ENTITLED TO EQUITABLE INDEMNITY**

24    Cross-Defendants United and Southwest state that there is no allegation by Plaintiff Whitney

25 that Cross-Defendants owed Plaintiff a tort duty to offer negotiable aisles and certain accessability

26 and accommodation.  Plaintiff Whitney alleges that Defendants/Cross-Claimants failed to consider

27 his disability when they required Plaintiff to travel by air.  Plaintiff Whitney's complaint only

28 mentions Cross-Defendants United and Southwest while describing how Defendants/Cross-

Claimants violated California Government Code § 12940 by allegedly failing to accommodate Plaintiff Whitney.  United and Southwest state that they are not liable and cannot be liable to Plaintiff Whitney under any tort theory, and therefore they cannot be liable to Cross-Claimants for equitable indemnity.

Cross-Claimants argue that the Cross-Defendants are liable because they owed a duty to offer negotiable aisles and certain accessability and accommodation to Plaintiff Whitney and have allegedly breached that duty.  However, Cross-Claimants do not cite any law attributing any tort liability to the Cross-Defendants United and Southwest.  In order for the Cross-Defendants to be liable under equitable indemnity, they must first be liable to Plaintiff Whitney.  Cross-Claimants argue that "as public air carriers, cross-defendants also owe to Whitney a duty under the Americans with Disabilities Act, and other legislation."

The availability of equitable indemnity depends upon the potential indemnitor's liability to the plaintiff, not to the defendant.  *Federal Agricultural Corp. v. It's A Jungle Out There,* 2005 WL 3325051.  In *It's a Jungle Out There,* this Court recently explained:

> The party from whom equitable indemnity is sought need not have owed a duty to the party seeking indemnity.  'What is important,' however 'is the relationship of the tortfeasors to the plaintiff and the interrelated nature of the harm done.' Accordingly, California courts have required the party seeking equitable indemnity to demonstrate that the proposed indemnitor would be liable as a tortfeasor to the underlying plaintiff.  Generally, the basis for tort liability against the proposed indemnitor is a duty owed to the underlying plaintiff. *It's a Jungle Out There,* 2005 WL 3325051 at 32 (citations omitted).

The "'airlines... are largely not even covered by Title III of the ADA.'"  *Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1332 (11th Cir. 2004), citing 42 U.S.C. § 12181(10) which defines the "specified public transportation" covered by Title III as "transportation by bus, rail, or any other conveyance (other than by aircraft);" see also, *Love v. Delta Air Lines,* 179 F. Supp. 2d 1313, 1316 (M.D.Ala.2001) ("aircraft are expressly excepted from the statutory definition of 'specified public transportation' and 'it is clear that Plaintiff cannot maintain a claim under the ADA because aircraft are not covered under Title III of the ADA'"), *rev'd on other grounds*, 310 F. 3d 1347 (11th Cir. 2002).

Cross-claimants assertion that Cross-Defendants owed a duty under Title III of the ADA is an

incorrect legal proposition.  The ADA does not apply to airlines in the transportation context.  *Access Now, Inc., supra,* 385 F.3d at 1332.  Cross-Defendants cannot be liable to Plaintiff Whitney under the ADA.  Thus, dismissal with prejudice of Cross-Defendants equitable indemnity claim pursuant to Title III of the ADA is warranted.  See *Foman v. Davis, supra,* 371 U.S. at 182.

**B. EQUITABLE INDEMNITY NOT AVAILABLE PURSUANT TO CAL. GOV. CODE § 12940**

Southwest and United argue that California Government Code § 12940[2] has no application to either Cross-Defendant. Section 12940 states, in relevant part:

> It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:
>
> (a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. Cal. Gov. Code § 12940(a).

It has not been alleged that Cross-Defendants are Plaintiff Whitney's 'employer.'  Southwest and United further argue that the statute imposes liability only on employers who discriminate.  "The FEHA, however, prohibits only 'an employer' from engaging in improper discrimination. (§ 12940, subd. (a).)" *Vernon v. State,* 116 Cal. App. 4th 114, 123 (2004), quoting *Reno v. Baird,* 18 Cal. 4th 640, 644 (1988).

Defendants/Cross-Claimants state that United and Southwest are liable to Plaintiff Whitney pursuant to California Government Code § 12940.  Cross-Claimants argue that the essence of the allegations in the First Cause of Action are that Whitney soiled his diapers due to his inability to negotiate the airplane aisles and obtain access to lavatories.  Cross-Claimants further assert that had it not been for this inability, there would have been no issue of failure to accommodate Whitney's

---

[2]     Plaintiff Whitney's First Cause of Action in the First Amended Complaint is premised on California Government Code § 12940.

United States District Court

For the Northern District of California

1   physical disabilities by forcing him to travel by air.  Cross-Claimants then state that since Plaintiff's

2   allegations of violation of § 12940 sound in tort, a cross-complaint for indemnity against Cross-

3   Defendant is proper.

4           This court disagrees.  In order to be liable under § 12940 there must be an employment

5   relationship.  No such relationship has been alleged against Cross-Defendants.  Cross-Claimants have

6   misinterpreted what is required for Cross-Defendants to be liable for equitable indemnity.  The issue

7   is not whether Plaintiff Whitney's claim against Cross-Claimants was tort based, but whether United

8   or Southwest could owe a tort duty to Whitney under Gov. Code § 12940(a).  See *It's a Jungle Out*

9   *There,* WL 3325051 at 32.  In the absence of an employment agreement, Cross-Defendants cannot

10  owe a tort duty to Plaintiff Whitney under § 12940.  Even when accepting all the material allegations

11  in the cross complaint as true, and construing the facts in the light most favorable to the non-moving

12  party, Cross-Claimants have failed to state a claim upon which relief can be granted.  F.R.C.P.

13  12(b)(6); *Barron v. Reich, supra,* 13 F. 3d at 1374.  Due to the futility of amendment, this cross-claim

14  is dismissed without leave to amend.  See *Foman v. Davis, supra,* 371 U.S. at 182.

15

16

17          **C.  DISMISSAL OF THE REMAINING CROSS-CLAIMS(2-12) IS WARRANTED**

18          Cross-Claimants assert that Cross-Defendants are liable through equitable indemnity as to the

19  remaining causes of action in the First Amended Complaint.  Each of the remaining causes of actions

20  are employment related or unrelated to Cross-Defendants.[3]  Cross-Defendants Southwest and United

21  have not been alleged to be Plaintiffs' employer nor are they alleged to be involved in any of

22  Plaintiff's remaining causes of action against Defendants.  Cross-Claimants have alleged no set of

23  facts sufficient to state claims against Cross-Defendants for the remaining causes of actions, thus

24  dismissal with prejudice of those claims is warranted.  F.R.C.P. 12(b)(6).

25

26          [3]          The remaining causes of action are either employment related or do not involve Cross-
27  Defendants: **2.  Violation of the California Labor Code  3. Wrongful Termination in Violation of
    Public Policy  4.  Constructive Wrongful Termination  5.  Fraud in Inducement to Sign an
28  Agreement  6.  Misrepresentation  7.  Breach of Contract  8.  Violation of the Covenant of Good
    Faith and Fair Dealing   9.  Breach of a Promissory Note and a Promise to Pay Expenses  10.
    Imposition and Foreclosure of Equitable Lien  11.  Alter Ego Liability  12.  Common Counts**

**United States District Court**

**For the Northern District of California**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.    CONCLUSION**

Cross-Claimants have not sufficiently plead equitable indemnity against Cross-Defendants. Cross-Claimants have not plead facts sufficient to state a claim as to causes of action 1-12.  Cross-Defendants' Motion to Dismiss with Prejudice is GRANTED for the aforementioned reasons.

IT IS SO ORDERED.

Dated: *4/4/2006*

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge