IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAN L. WHITNEY, JANET R. HADLEY, MARGARET A. KORNOW-BROWN and ERIC BRELLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARLES WURTZ, VERISCAPE, INC., RENEE TADLOCK, REGINA RYGELIS, WILL ARNTZ, SAM JACOBS, GARY BERKOWITZ and BRIAN ROE,<br><br>    Defendants.<br>_____<br>AND RELATED CROSS-CLAIMS<br>_____ | No. C-04-05232  PVT<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR WRIT OF ATTACHMENT**<br><br>[Re Docket Nos. 122, 126, 127, 128, 129] |

## INTRODUCTION

Plaintiffs Dan L. Whitney, Janet R. Hadley, Margaret A. Kornow-Brown and Eric Brelle (collectively "Plaintiffs") move for writ of attachment against defendant Veriscape, Inc. ("Veriscape"). Defendant Veriscape opposes the motion. On May 9, 2006, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel

and for the reasons set forth below, the court denies Plaintiffs' motion for writ of attachment.[1]

**BACKGROUND**

Plaintiffs allege they were employed by Veriscape, a high technology start-up company, to facilitate sales of the Intellecat software product in California. Intellecat is designed as an add-on software product that Veriscape customizes to accommodate the pre-existing software platforms of clients seeking to improve their electronic procurement functions.

Plaintiffs further allege that Veriscape employed plaintiff Dan L. Whitney from June 1, 2001 until June 18, 2004 as a corporate sales officer. For the duration of his employment, plaintiff Whitney alleges he was never paid by the company. His employment was terminated by the company on June 18, 2004. Plaintiff Whitney alleges he was terminated because he sought to enforce payment of his salary and certain sales commissions.

Plaintiffs further allege that Veriscape employed plaintiff Janet R. Hadley as a sales associate and senior content specialist from February 1, 2002 until September 22, 2004. For the duration of her employment, plaintiff Hadley alleges she was never paid by the company. Plaintiff Hadley alleges she was constructively terminated by the company. Plaintiffs further allege that Veriscape employed Margaret A. Kornow-Brown from February 1, 2002 until June 2003. Plaintiff Kornow-Brown alleges too, that for the duration of her employment she was not paid and constructively terminated by the company. Plaintiffs further allege that Veriscape employed Eric Brelle as a west coast sales and technology manager and executive administrator from February 1, 2002 until May 6, 2003. Plaintiff Brelle also alleges that for the duration of his employment he was not paid and constructively terminated by the company. Plaintiffs allege that Veriscape never compensated them in salary, commissions or stock options during their respective terms of employment. As a result, plaintiffs allege Veriscape breached the respective employment agreements entered into with plaintiffs by failing to pay them any compensation whatsoever.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

2

1   Plaintiff Whitney further alleges that defendant Veriscape borrowed $10,000 from him and to date, the company has not repaid the entire loan amount. The parties memorialized the terms for repayment of the loan in a promissory note. Veriscape has repaid $7,000 of the loan amount. Until payment of the remaining $3,000 is made to plaintiff Whitney, Veriscape accrues interest on the balance of the loan according to the terms of the promissory note.

On April 19, 2005, Plaintiffs filed an amended complaint alleging, *inter alia*, breach of contract, misrepresentation and various California labor code violations.

On December 22, 2005, plaintiffs moved for writ of attachment against defendant Veriscape. Defendant Veriscape opposed the motion. On February 28, 2006, the parties appeared for a hearing. On March 1, 2006, the court denied plaintiffs' motion for writ of attachment. ("March 1, 2006 Order"). On March 14, 2006, the court granted plaintiffs' motion for reconsideration of the March 1, 2006 Order.

## STANDARD

Rule 64 states that "[a]t the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is held, . . . ." FED. R. CIV. P. 64.

California Code of Civil Procedure Section 483.010 governs in which actions attachment is authorized. It reads in pertinent part:

>   (a)   Except as otherwise provided by statute, an attachment may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest and attorney's fees.
>
>   (b)   An attachment may not be issued on a claim which is secured by any interest in real property arising from agreement, statute, or other rule of law (including any mortgage or deed of trust of realty and any statutory, common law, or equitable lien on real property, but excluding any security interest in fixtures subject to Division 9 (commencing with Section 9101) of the Commercial

3

Code). However, an attachment may be issued where the claim was originally so secured but, without any act of the plaintiff or the person to whom the security was given, the security has become valueless or has decreased in value to less than the amount then owing on the claim, in which event the amount to be secured by the attachment shall not exceed the lesser of the amount of the decrease or the difference between the value of the security and the amount then owing on the claim.

Additionally, California Code of Civil Procedure Section 484.090 requires:

(a) At the hearing, the court shall consider the showing made by the parties appearing and shall issue a right to attach order, which shall state the amount to be secured by the attachment determined by the court in accordance with Section 483.015 or 483.020, if it finds all of the following:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The plaintiff has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which th attachment is based.

(4) The amount to be secured by the attachment is greater than zero.

(b) If, in addition to the findings required by subdivision(a), the court finds that the defendant has failed to prove that all the property sought to be attached is exempt from attachment, in whole or in part, the right to attach order shall describe the exempt property and prohibit attachment of the property.

## ANALYSIS

Plaintiffs move for writ of attachment against defendant Veriscape on the grounds that all of the required elements to issue a writ of attachment have been met. Plaintiffs seek to attach $856,058.31, which is the amount of total unpaid salaries owed them by Veriscape. Specifically, plaintiffs seek to attach the primary asset of the company, which is the Intellecat software product.

To meet the requirements to issue a writ of attachment, plaintiffs must establish, *inter alia,* that the claim is for money, that the claim is based on contract, that the claim is for a sum certain (not less than $500) and the probable validity of the claim. Plaintiffs allege that their respective employment contracts with Veriscape set forth specific amounts of money

that were identified to them as salaries. Because plaintiffs were never paid any salaries or other compensation whatsoever, plaintiffs argue that their claim is for money which is a sum certain. Plaintiffs further allege that upon termination or resignation from the company, some of the plaintiffs received letters confirming their respective and accrued gross salaries. Plaintiffs further allege that they will likely prevail on their claims because California law requires the full and prompt payment of wages. Therefore, plaintiffs allege that the requirements to issue a writ of attachment have been met and plaintiffs have established the probable validity of their claim.

Defendants argue that the respective employment contracts provided for plaintiffs to receive their compensation when the company determined that it had sufficient funds to provide such compensation. Defendants further argue that plaintiffs never executed any licensing agreements, which was required to generate enough revenues to pay any of the plaintiffs' salaries. As such, the company was never able to determine that it had sufficient funds to compensate plaintiffs. Defendants further argue that the respective employment agreements state that any retroactive salaries owed to plaintiffs would be payable in the form of stock options, not money.

Additionally, defendants argue that based on recent discovery, plaintiffs understood that Veriscape did not have any money to pay their salaries.[2] Indeed, for the first six months

---

[2] Plaintiffs further allege that defendants efforts to submit newly discovered evidence is improper. Specifically, plaintiffs object to, *inter alia*, the deposition transcript of Charles Wurtz.

"The Ninth Circuit has espoused three grounds upon which a motion for reconsideration may be based:(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Ankele v. Johnson,* Not Reported in F. Supp. 2d, 2005 WL 1459553 (N.D. Cal.). Under the local rules, the moving party must show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order. Civ. L.R. 7-9.

Generally, the moving party is not allowed to raise arguments or present evidence that may have been presented when the motion was first heard. *See, e.g.,* Civ. L.R. 7-9(c). Here, defendants are not movants and arguably not subject to the same prohibitions. Nevertheless, at the hearing held on May 9, 2006, defendants stated that the deposition of Mr. Wurtz was taken following the initial hearing which was held on February 28, 2006 for plaintiffs' motion for writ of attachment. The deposition of Mr. Wurtz was taken on March 27, 28 and 29, 2006. Therefore, the deposition of Mr. Wurtz is newly

1  of employment, the original employment contract dated July 12, 2001 provided that plaintiff
2  Whitney would receive no salary and only commissions and stock options.  That employment
3  contract were later revised and that is the contract which plaintiff Whitney submitted in
4  support of the motion for writ of attachment against defendant Veriscape.  Defendants further
5  argue that when plaintiff Whitney later informed defendants that he wanted to hire additional
6  staff and the company balked, plaintiff Whitney reassured the company that whomever he
7  hired would agree to work for no salary, some stock options and a review of the position and
8  salary in six months(the same conditions he had initially agreed to for himself).  Defendants
9  further argue that plaintiff Whitney executed the other plaintiffs' employment agreements
10 without any actual authority.  Because of the initial arrangement between the parties wherein
11 plaintiffs agreed to work for no salary for the first six months of employment, defendants
12 argue that the amount sought by plaintiffs is inaccurate and therefore, not for a fixed or
13 readily ascertainable amount.  Defendants further argue that based on testimony taken in
14 deposition, the actual terms of the employment contract for plaintiff Whitney was never
15 approved.  For example, Charles Wurtz testified that Exhibit A which was submitted in
16 support of plaintiffs' motion for writ of attachment was never approved by Veriscape.  A
17 Veriscape board member named Sam Jacobs (responsible for employee compensation at the
18 company) advised Mr. Wurtz that Veriscape could never approve Exhibit A as drafted by
19 plaintiff Whitney because it was "absurd" and "the language is so poorly written."  Finally,
20 defendants argue that Veriscape doubted that plaintiffs performed their work in a full-time
21 capacity.  Therefore, defendants argue the requirements to issue a writ of attachment have not
22 been met and plaintiffs have failed to establish the probable validity of their claim.
23      Although plaintiffs' claims are based on employment contracts, the court finds that
24 questions arise as to whether certain employment contracts were properly executed and
25 whether other employment contracts were executed with proper authority.  The parties
26 dispute whether defendant Veriscape ever authorized Exhibit A, which set forth a salary of

28 discovered evidence.

1 $150,000, to plaintiff Whitney's employment contract. The parties also dispute whether
2 plaintiff Whitney had proper authority to execute the employment contracts for plaintiffs
3 Hadley, Brelle and Kornow-Brown. Because the operative employment contracts (or the
4 relevant parts therein) are in dispute, plaintiffs have not shown, *inter alia*, that their claim is
5 for a sum certain and the probable validity of their claim. Therefore, the court finds that the
6 elements to issue a writ of attachment have not been met and the plaintiffs' motion for writ of
7 attachment is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for writ of attachment is denied

IT IS SO ORDERED.

Dated: *5/12/2006*

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge

7