1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  DAN L. WHITNEY, JANET R.              )    Case No. C 04-05232 PVT
    HADLEY, MARGARET A. KORNOW-           )
13  BROWN, ERIC BRELLE,                   )    **ORDER GRANTING REQUEST TO**
                                          )    **CONTINUE HEARING ON**
14                  Plaintiffs,           )    **DEFENDANTS' MOTIONS FOR**
                                          )    **SUMMARY JUDGMENT**
15          v.                            )
                                          )
16  CHARLES WURTZ, VERISCAPE, INC.,)
    RENEE TADLOCK, REGINA                 )
17  RYGELIS, WILL ARNTZ, SAM              )
    JACOBS, GARY BERKOWITS, BRIAN )
18  ROE and DOES 1-20,                    )
                                          )
19                  Defendants.           )
    _____)

20

21  **I.      INTRODUCTION**

22          On October 6, 2006, Defendants' Arntz and Jacobs (for purposes of this order

23  "Defendants") moved for summary judgment, claiming that there is no evidence that they are the

24  alter egos of Veriscape and that later ego is the sole basis for liability against them.[1]  The hearing

25  is currently set for November 14, 2006.  Opposition was due on October 24, 2006.  On October

26  18, 2006, Whitney moved to continue the summary judgment hearings under Local Rule 6-3.

27  _____

        [1]    The holding of this court is limited to the facts and the particular circumstances
28  underlying the present motion.

1  Whitney claims that he needs further discovery to oppose the motion.  Whitney is seeking both

2  responses to discovery already propounded as well as depositions which have not yet been

3  scheduled.  On October 25, 2006, Defendants opposed the motion to continue.  Defendants claim

4  that no continuance is warranted because Plaintiffs have had sufficient time to take discovery

5  and  that written discovery is closed.

6  **II.     PROCEDURAL HISTORY**

7   On July 18, 2006, the Court held a Case Management Conference and set November 9,

8  2006 as the date by which the parties were "to have propounded and responded to all document

9  requests, interrogatories and requests for admissions."  (CMC Order at p.2).  Motions to compel

10  discovery were allowed after the November 9, 2006 deadline.  The Court allowed for the filing

11  of a summary judgment motion at any time, but cautioned that a continuance would likely be

12  granted for a motion filed before the close of discovery.  A further Case Management

13  Conference was set for November 21, 2006 at which time a discovery cut-off would be set and

14  any remaining depositions would be scheduled.

15  **III.    DISCUSSION**

16  Defendants first assert that the motion must be denied because it is procedurally defective

17  in that it lacks a supporting declaration and proposed order.  The Court notes that Defendants'

18  Opposition is also not in conformity with Civil Local Rule 6-3, which allows for any opposition

19  to motion to change time to be filed "no later than the third court day after receiving the motion."

20  Defendants did not oppose the motion until the fifth court day.  The Court agrees that the motion

21  is defective.  However, it is  not so defective as to warrant denying Plaintiff's adequate discovery

22  to oppose the motion for summary judgment, especially in light of Defendants' own failure to

23  comply with the rules.[2]

24  Defendants next argue that Plaintiffs have failed to show good cause for a continuance.

25  Although it is a close call, in part due to the Plaintiffs' failure to provide a supporting declaration

26

27   [2]Plaintiffs and Defendants are now on notice that any future failure to comply with all of the
requirements of the Civil Local Rules and the Federal Rules of Civil Procedure may result in
28  sanctions up to and including denial of a defective motion.

1  or the text of discovery requests at issue, Plaintiffs have shown good cause to continue the

2  hearing.  First, discovery is not closed, only written discovery.  Second, the deadline to file

3  motions to compel has not yet passed.  Third, Plaintiffs have indicated specific discovery which

4  they believe will assist them in defeating the summary judgment motion on the alter ego issue.

5  In particular, Plaintiffs assert they have requested in discovery, but not yet received, payroll tax

6  returns, information about payments to Defendants, general ledger, checkbook register and bank

7  statements and cancelled checks.  These documents are relevant to show that Defendant

8  Veriscape was undercapitalized and to show commingling of funds, two factors often used to

9  show alter ego liability.  *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 538-39

10  (2000).

11       Finally, Defendants argue that a continuance will deny them a just, efficient, speedy and

12  economical determination of the case.  This case has been pending for almost two years and is

13  still in the discovery.  However, a short delay in hearing the summary judgment motion will not

14  unduly prejudice Defendants.  Nonetheless, all parties are hereby put on notice that they are

15  expected to make their best efforts to move this case along in a  just, efficient, speedy and

16  economical manner.

17  **IV.**    **CONCLUSION**

18       For the foregoing reasons, It Is Hereby Ordered that:

19     1.     Defendants' Motion for Summary Judgement will not be heard on November 14,

20           2006;

21     2.     Prior to the November 21, 2006 Case Management Conference, Plaintiffs and

22           Defendants shall meet and confer to attempt to resolve outstanding discovery

23           disputes over documents relevant to the alter ego issue;

24     3.     Plaintiffs and Defendants shall include in their updated case management

25           conference a proposed date for hearing the summary judgment motion.  If

26           agreement cannot be reached,  Plaintiffs and Defendants shall each submit a

27           proposed date for the hearing; and

28     //

1   4.  A date for hearing the summary judgment motion shall be set at the November 21,

2    2006 Case Management Conference.

3 IT IS SO ORDERED

4

5 DATE: November 6, 2006

6

7        _Patricia V. Trumbull_

8        PATRICIA V. TRUMBULL
         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28