UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAN L. WHITNEY, JANET R. HADLEY, MARGARET A. KORNOW-BROWN, ERIC BRELLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARLES WURTZ, VERISCAPE, INC., RENEE TADLOCK, REGINA RYGELIS, WILL ARNTZ, SAM JACOBS, GARY BERKOWITS, BRIAN ROE and DOES 1-20,<br><br>    Defendants. | Case No.: C 04-5232 PVT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT VERISCAPE'S MOTION TO COMPEL FURTHER RESPONSES TO DEMANDS FOR PRODUCTION OF DOCUMENTS** |

I.  **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs Dan L. Whitney, Janet R. Hadley, Margaret A. Kornow-Brown and Eric Brelle (collectively, "Plaintiffs") allege breach of contract, termination, and deceit by lying about the financial health of the company against their former employer, Veriscape, Inc.[1] The Complaint also alleges that Defendants Charles Wurtz, Renee Tadlock, Regina Rygelis, Will Arntz, Sam Jacobs, Gary Berkowits, and Brian Roe are liable as the alter ego of Defendant Veriscape.

---

[1] The holding of this Court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

On February 6, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant Veriscape's Motion to Compel Further Responses to Demands for Production of Documents. Prior to production of the documents at issue, Defendants Veriscape, Arntz, and Jacobs each served separate requests for production upon the four Plaintiffs individually. Therefore, each Plaintiff had three sets of requests for production of documents awaiting a response. Rather than respond separately to each of these twelve sets of requests for production, Plaintiffs responded collectively with one computer disk and a stack of paper documents.

On November 20, 2006, Defendant Veriscape filed its Motion to Compel Further Responses to Demands for Production of Documents. On December 21, 2006, Plaintiffs filed their opposition. No reply brief was filed. Defendant Veriscape's motion seeks to compel Plaintiffs to organize the documents to separate each Plaintiff's response to each of Veriscape's nineteen numbered demands.

IT IS HEREBY ORDERED that Defendant Veriscape's motion is granted in part and denied in part as follows.

II.   **DISCUSSION**

In April 2006, Veriscape served each Plaintiff with a separate set of requests for production of documents. Each set of requests contained the same nineteen numbered demands. On June 19, 2006, Defendant Veriscape's counsel, Mr. Baker, and Plaintiffs' counsel, Mr. Beck, had a conversation. Following the conversation, Defendant Veriscape's counsel sent Plaintiffs' counsel a letter confirming that Defendant Veriscape agreed to give Plaintiffs a two week time extension to respond to production requests and in return, Plaintiffs "agreed that if the documents are produced on disk, that a separate disk will be used for each Request to Produce." (Defendant Veriscape's Motion to Compel, Exhibit E).

On July 5, 2006, Plaintiffs' counsel sent Mr. Baker a letter complaining that Defendants' previous responses to requests for production were unacceptable. The letter stated, "I am not going to press for a more definite response as long as my clients are not pressed for a more definite response." (Beck Decl. ¶ 6). Defendants did not respond to Plaintiffs' July 5, 2006

letter, and Plaintiffs did not follow up.

### A. Standard

Under the Federal Rules of Civil Procedure, "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b).

### B. Plaintiffs' Document Production

#### 1. Electronic Document Production

On July 17, 2006, Plaintiffs produced one computer disk to all Defendants' counsel. The accompanying letter stated that the disk contained electronic documents responsive to requests for production by Veriscape, Arntz, and Jacobs.

In the motion, Defendant Veriscape argues that Plaintiffs should comply with the terms of the original agreement and provide a separate disk for each Plaintiff's response to each numbered demand, totaling up to seventy-six disks. At the hearing, Defendant Veriscape stated that four disks, one from each Plaintiff, would be acceptable so long as it is clear within each disk, which of the electronic documents are responsive to which demands. Plaintiffs respond that many of the documents are on multiple Plaintiffs' computers and requiring each Plaintiff to provide a separate production would result in unnecessary duplication of documents. Plaintiffs' counsel also argues that his July 5, 2006 letter changed the terms of the agreement.

Plaintiffs' rationale is flawed because the July 5 letter is, at most, an offer to form a new agreement and Veriscape never accepted that offer. The terms of the agreement, however, are not clear because Defendant Veriscape's interpretations of the agreement in correspondence with Plaintiffs' counsel and in the motion are inconsistent. On June 19, 2006, Defendant Veriscape's counsel confirms "that a separate disk will be used for each Request to Produce." (Defendant Veriscape's Motion to Compel, Exhibit E). In another letter, sent on August 24, 2006, Defendant Veriscape asserts that Plaintiffs "had agreed to provide a separate disk for each plaintiff." (Defendant Veriscape's Motion to Compel, Exhibit J). As the terms of the agreement are contested, the court will not enforce the agreement.[2]

---

[2] In order to create an enforceable agreement and avoid similar problems in the future, the better practice would be to file a stipulation and proposed order setting out the agreed to terms.

Plaintiffs are required to provide a separate disk for each Plaintiff's responses to Veriscape's request for production. Pursuant to Rule 34(b), the electronic documents shall be produced as they are kept in the usual course of business or Plaintiffs shall organize and label the documents to correspond with Veriscape's requests. At the hearing, Veriscape noted problems accessing documents on the disk produced by Plaintiffs. Accordingly, the electronic documents shall be produced without the use of any compression software and in the format requested by Veriscape at the hearing.

### 2. Paper Document Production

On July 25, 2006, Plaintiffs produced a stack of papers containing paper documents responsive to requests for production by Veriscape, Arntz, and Jacobs. Defendants' counsel argues that Plaintiffs should organize and label the paper documents so that it is clear who produced each document and to which of Veriscape's numbered demands it is responsive.

Defendant Veriscape provides no justification for its request that Plaintiffs do more than is required by the Federal Rules. However, each Plaintiff was served with his or her own request for production. By responding with paper documents from all four Plaintiffs as one unorganized and unlabeled stack of papers, Plaintiffs failed to comply with the Federal Rules. Plaintiffs shall respond to each set of requests separately and produce the paper documents as they are kept in usual course of business or Plaintiffs shall organize the paper documents to correspond with Veriscape's numbered demands.

### 3. Audio Recordings

At the hearing, Defendant Veriscape stated that thirteen audio recordings, which were amongst the documents produced by Plaintiffs, were inaudible. Plaintiffs agreed to provide Defendant Veriscape with new copies of the thirteen audio recordings.

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Veriscape's Motion to Compel Further Responses is Granted in Part in

that Plaintiffs shall, no later than March 8, 2007, provide a separate response from each Plaintiff to each set of requests for production;

2. Veriscape's Motion to Compel Further Responses is Denied in Part in that Plaintiffs are not required to organize and label each Plaintiffs' response to correspond with Veriscape's numbered demands; and

3. Plaintiffs shall provide Defendant Veriscape with new copies of the thirteen audio recordings.

IT IS SO ORDERED

Dated: February 15, 2007

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge