UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DAN L. WHITNEY, JANET R. HADLEY, MARGARET A. KORNOW-BROWN, ERIC BRELLE, | ) ) ) ) | Case No.: C 04-5232  PVT |
| Plaintiffs, | ) ) ) | **AMENDED ORDER GRANTING MOTION TO CERTIFY UNDER RULE 54(b) AND MOTION TO STAY ACTION** |
| v. | ) ) ) | |
| CHARLES WURTZ, VERISCAPE, INC., RENEE TADLOCK, REGINA RYGELIS, WILL ARNTZ, SAM JACOBS, GARY BERKOWITS, BRIAN ROE and DOES 1-20, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs Dan L. Whitney, Janet R. Hadley, Margaret A. Kornow-Brown and Eric Brelle (collectively, "Plaintiffs") allege breach of contract, termination, and deceit against their former employer, Defendant Veriscape, Inc.[1]  The Complaint also alleged that Defendants Charles Wurtz ("Wurtz"), Renee Tadlock ("Tadlock"), Regina Rygelis ("Rygelis"), Will Arntz

---

[1]    The holding of this court is limited to the facts and the particular circumstances underlying the present motion.  This Amended Order is issued to correct a clerical error pursuant to Rule 60(a) and does not differ from the original Order in any substantive way.

("Arntz"), Sam Jacob ("Jacob"), Gary Berkowits, and Brian Roe are liable as the alter ego of Defendant Veriscape.

On October 6, 2006, Defendants Arntz and Jacobs moved for summary judgment, claiming that there is no evidence that they are the alter egos of Veriscape and that alter ego is the sole basis for liability against them. On May 2, 2007, the Court granted Defendant Jacob's Unopposed Motion for Summary Judgment. On June 1, 2007, the Court granted Defendant Arntz' motion for summary judgment, finding the evidence insufficient to support a reasonable jury verdict of alter ego Liability. (The "Summary Judgment Order"). On July 2, 2007, Plaintiffs Filed a Motion to Certify the Summary Judgment Order for Interlocutory Appeal and a Motion to Stay the Entire Action. All Defendants except Arntz joined in both motions.

For the following reasons, the Motion to Certify and the Motion to Stay are GRANTED.

## II.   DISCUSSION

### A.   Legal Standard

Rule 54 provides in relevant part:

> (b) **Judgment Upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). In order to certify an order as a final judgement, a district court must first determine that it is dealing with a "final judgment" and then must determine there is "no just reason for delay." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Arntz concedes that the summary judgment order is a final judgment. Accordingly, the only question is whether "there is no just reason for delay."

The Supreme Court described the proper application of Rule 54:

> Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration." . . . [A] district court must take into account judicial administrative interests as well as the equities involved. Consideration of the

former is necessary to assure that application of the Rule effectively "preserves
the historic federal policy against piecemeal appeals."
*Curtiss-Wright*, 466 U.S. at 8, *quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438
(1956)( citations omitted).

Factors that can be considered include: 1) whether the nature of the claims already
determined is such that no appellate court would have to decide the same issues more than once,
even if subsequent appeals are heard; 2) whether immediate appellate resolution will foster
settlement of the remaining claims; and 3) whether delay in payment of the judgment would
inflict severe financial harm. *Curtiss-Wright*, 446 U.S. at 8.  Similarity of legal or factual issues
weighs heavily against entry of judgment under Rule 54(b). *Wood v. GCC Bend, LLC*, 422 F.3d
873, 882 (9th Cir. 2005), citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965. (9th Cir.
1981).

**B.     Danger of Piecemeal Appeals**

The immediate appeal of The Summary Judgment Order carries the danger of requiring
the Ninth Circuit Court of Appeals to undergo more than one appeal on similar issues.
Plaintiffs' counsel, Mr. Beck, stated at the hearing, and in a subsequent letter to the court, that he
is willing to waive any appeal of any jury verdict.  Thus, Mr. Beck argues that there is no danger
of having the Ninth Circuit Court of Appeals consider similar issues more than once.  While the
court has doubts as to the enforceability of any such waiver, a waiver does decrease the chance
that the Ninth Circuit would have to consider the similar issues in this case more than once.  The
danger of multiple appeals, however, remains if Plaintiffs win a jury verdict against both
Veriscape and any individual defendants.  In that event, any liable individual defendants could
choose to appeal their alter ego status, forcing the appellate court to reconsider similar issues of
various defendants' alter ego liability.  As Plaintiffs argue, however, appeal of a jury verdict is
not as likely as appeal of the grant of summary judgment.

In sum, this factor weighs against certification for appeal because there is some danger of
multiple appeals.  The danger, however, is attenuated by Plaintiffs' waiver of their right to
appeal any jury verdict against them.

//

### C.     Danger of Multiple Trials

Plaintiffs argue that the danger of multiple trials outweighs the danger of multiple appeals.  Plaintiffs assert that if they win a verdict against Veriscape, they will definitely appeal the grant of summary judgment for Arntz.  Thus, there is a danger that the trial against Veriscape will have to be repeated if the Ninth Circuit overturns the summary judgment order after trial.  In the unique circumstances of this case, Defendant Arntz is alleged to have been the alter-ego of Veriscape, but is not alleged to currently be the alter ego of veriscape.  Accordingly, if a jury returns a verdict against Veriscape in a trial in which Arntz did not participate, it is possible that Arntz would not be bound by that verdict and the trial would have to be repeated.  Thus, this factor weighs in favor of certification.

### D.     Fostering of Settlement

The parties did not specifically address this criterion in their motion papers.  It appears to the Court, however, that final resolution of the alter ego status of Mr. Arntz could foster settlement of the entire case.  A settlement before trial would obviate the need for either trial on the merits or a subsequent appeal.  Accordingly, this factor weighs heavily in favor of certification.

### E.     Delay and Prejudice

One factor considered is whether the delay of an appeal will severe financial harm.  Arntz argues that certification now will prejudice him because he will have to defend an appeal that may be mooted by trial.  Rule 1 of the Federal Rules of Civil Procedure instructs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  Thus, the Court is reluctant to delay the trial of this case until after the appeal of The Summary Judgment Order.  If, however, the trial had to be conducted twice, the requirement of obtaining and inexpensive determination of this action would be violated in a manner greater than the delay of waiting for an interlocutory appeal.  Accordingly, this factor weighs in favor of certification.

//

//

**III.    CONCLUSION**

The court is mindful of its function as "dispatcher" and its duty to avoid unnecessary appeals to the Ninth Circuit. The unique factual presentation of this case, however, leads the Court reluctantly to the conclusion that certification of The Summary Judgement Order for Interlocutory Appeal is in the best interests of sound judicial administration.[2]

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Plaintiffs shall file and serve an executed Waiver of all rights to appeal any Jury Verdict in this case;

2.    The Motion to Certify for Interlocutory Appeal the Order Granting Summary Judgment in favor of Defendant Arntz is GRANTED, effective upon the filing by Plaintiffs of an Executed Waiver of all rights to appeal any jury verdict in this case;

3.    Arntz' Rule 11 Motion is Denied Without Prejudice to his right to re-file the motion after the decision of the Ninth Circuit;

4.    The Pre-Trial Conference and Trial Dates are VACATED; and

5.    The parties shall appear for a status conference on February 12, 2008 and shall file a status conference statement on February 5, 2008. The status conference statement may contain a request to continue the status conference if there are no developments that warrant a conference at that time.

IT IS SO ORDERED.

Dated: August   23,  2007

_Patricia V. Trumbull_
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2]The Court spent significant time diagraming all of the potential outcomes that could follow both certification and proceeding without certification. For each possible scenario, the court evaluated the likelihood of appeal and the potential for duplicative effort. The Court reaches this conclusion only after exhaustive consideration of all possibilities.